Kenneth H. Prochnow (SBN: 112983)
CHILES and PROCHNOW, LLP
Stanford Financial Square
2600 El Camino Real, Suite 412
Palo Alto, California 94306-1719
Telephone: 650-812-0400
Facsimile: 650-812-0404

Attorneys for Plaintiff Jonathan Pipkin

Filed
JUN 6 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JONATHAN PIPKIN,

    Plaintiff

vs.

COUNTY OF SANTA CLARA,

    Defendant

Case No. C08 02847 PVT

**COMPLAINT FOR DAMAGES**
42 U.S.C. §1983
California Government Code §946.7

Plaintiff Jonathan Pipkin ("plaintiff" or "Jonathan") alleges:

1. This is an action

(a) for a first claim for relief under 42 U.S.C. § 1983 to recover damages against defendants for violation of plaintiff's rights to due process, guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution; and

(b) for a second claim for relief under the California Tort Claims Act.

2. The jurisdiction of this Court is predicated on 28 U.S.C. § 1331 and 1343 (first claim), with supplemental jurisdiction afforded by 28 U.S.C. § 1367(a) (second claim).

3. Plaintiff Jonathan Pipkin is a citizen of the United States, and a resident of Santa Clara County, California. At all pertinent times mentioned herein, to and through December 8, 2006, Plaintiff was in the custody of the County of Santa Clara, held in pretrial incarceration and protective custody at the County Jail in San Jose, California.

4. Defendant County of Santa Clara is, and at all times mentioned herein was, a county organized and existing under the laws of the State of California. Venue is proper in this Court under 28 U.S.C. § 1391(b).

5. Defendant County of Santa Clara was, at all times mentioned in this complaint, acting under color of state law.

6. Plaintiff Jonathan Pipkin has suffered from diabetes since he was a young child. To control his diabetes, he is compelled to inject himself with insulin, based upon monitoring of his blood sugar levels.

7. In November 2003 Jonathan was arrested. He was incarcerated in Defendant's main jail facility ["the Jail"] from that time until late in the day on December 8, 2006, when he was released from custody. During the time he was incarcerated, he was unable to maintain control of his diabetes on his own, but was dependent upon defendant's medical and custodial personnel, who supervised and administered his insulin injections and his medical treatment. The Jail and its personnel knew or should have known that it was necessary to properly and correctly monitor Jonathan's blood sugar levels which were adversely affected by his diabetes. Maintenance of the correct blood sugar levels was necessary to maintain his health, his eyes and vision and other vital internal organs. Despite this knowledge the Jail and its personnel failed to properly and correctly provide requisite medical care to allow Jonathan to maintain his blood sugar levels contributing to the injuries hereinafter alleged.

8. One consequence of Jonathan's diabetes was deterioration of his vision. Jonathan has always had poor vision in his left eye, to the point where he is legally blind in that eye. Jonathan's diabetes has caused complications in both eyes, which complications have necessitated a series of operations to save his remaining vision. While Jonathan was incarcerated, vision in his "good" right eye deteriorated. In December 2005 Jonathan was removed from the Jail to the Valley Medical Center, where a procedure was performed to repair blood vessels behind his right eye. Following that procedure, Jonathan still had blood in his right eye.

9. Jonathan was to have reported back to Valley Medical Center for a follow-up visit and

treatment a short time after the procedure. Instead, Jonathan was told by County Jail personnel that an appointment had been made for him, and that he would have to wait for that appointment. Despite repeated requests for more immediate care, Jonathan was unable to see a treating physician at Valley Medical Center until some three months later.

10. On March 24, 2006, Jonathan was finally seen at Valley Medical Center. The untreated bleeding that had occurred in his right eye had caused scar tissue to form, and had resulted in separation of the retina in his right eye. Jonathan returned to Valley Medical Center on April 6, 2006, and again on April 13, 2006, when he was prepared for a further procedure.

11. On April 26, 2006, Jonathan again had surgery on his right eye. The procedure employed included the insertion of gas in his right eye, which was intended to re-position his detached retina and allow it to heal back in place. Following this procedure, Jonathan was given a program of after-surgery care, which was to be followed to allow the procedure to be successful.

12. The after-care treatments included instructions that he was not to engage in lifting or strenuous physical activity, that his head be kept elevated, that he receive special eye drops at regular intervals, that the dressing on his eye be changed frequently using fresh gauze, and that he wear an eye patch. Instructions were also given by the Valley Medical doctors that Jonathan was to be returned to Valley Medical Center shortly after the operation for follow-up treatment and evaluation to insure the success of the operation. County Jail personnel were aware of these instructions and were aware or should have been aware that these instructions needed to be carefully and fully adhered to in order to insure the success of the operation. Despite these instructions and the knowledge thereof County Jail personnel frustrated this after-care treatment plan: Jonathan was refused extra pillows or blankets to allow his head to remain elevated, his eye drops were frequently missing or misplaced and therefore were not properly administered, the dressings on his eye were not changed regularly (at times because gauze was unavailable and he was told to use toilet paper), and his eye patch was confiscated about one week after the procedure, on grounds that the orders for it had expired. Furthermore, he was directed by County Jail personnel to lift all of his personal possessions

and carry them to the medical ward in contradiction of the physician's instructions. Jonathan complied with the orders of the County Jail personnel.

13. Instructions were given by the treating physicians that Jonathan was to report back for a follow-up visit to Valley Medical Center, to make certain that the April 26th procedure had been successful and that his eye was healing properly and for further treatment if necessary. Jonathan was again refused permission to go to Valley Medical Center for this necessary follow-up.

14. On or about May 5, 2006, Jonathan was finally able to return to Valley Medical Center. He was then advised that the retina in his right eye had detached again. On June 7, 2006, Jonathan was scheduled for a further surgical procedure, during which oil was to be injected into his eye to save his retina and his vision. During the procedure, the eye surgeon found that his retina had folded and was torn, and that scar tissue had built up to the point where the eye could not be cleaned up sufficiently to allow the retina to be re-attached and vision restored.

15. On June 8, 2006, Jonathan learned that his detached retina, and loss of vision in his right eye, would be a permanent condition.

16. Jonathan was released from the Jail late in the day on December 8, 2006, exactly six months after he learned that his loss of vision would be permanent.

**FIRST CLAIM FOR RELIEF - DAMAGES FOR CIVIL RIGHTS VIOLATION OF 42 U.S.C. §1983**

17. Plaintiff repeats and re-alleges paragraph 1 through 16 above as if the same were fully set forth herein.

18. In acting as alleged in this complaint, in connection with an incarcerated person awaiting trial but convicted of no crime, defendant violated plaintiff's right to due process, guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

19. As a direct and proximate result of defendant's actions, described in this complaint, plaintiff has suffered injury, pain and emotional distress in that he has permanently lost vision in his right eye, leaving him only partially sighted and imperiled by further threats to his vision

resulting from his pre-existing diabetes. Plaintiff's injuries have caused him to suffer general damages.

20. As a further proximate result of defendant's above-described acts, plaintiff has been required to expend money and incur obligations, for medical services, drugs and sundries reasonably required in the treatment and relief of the injuries suffered herein; plaintiff has been damaged thereby.

21. As a further proximate result of the above-described acts of the defendant, plaintiff has incurred and will continue to incur medical and related expenses.

22. Plaintiff exhausted available administrative remedies by filing a request for relief from late claim with defendant County of Santa Clara; following defendant's rejection of such relief, plaintiff filed a petition with the Santa Clara County Superior Court entitled "Petition for Order Relieving Petitioner from Provisions of Government Code §945.4"; on May 22, 2008, the Santa Clara County Superior Court [Hon. Kevin McKenney] ruled that plaintiff's petition for relief from the Tort Claims Act would be granted; on June 3, 2008, Judge McKenney entered an "Order Granting Petition for Relief from Claim Requirement" (a true and correct copy of the June 3, 2008 "ORDER" is attached as Exhibit 1 hereto and incorporated herein by this reference as if set out in full).

23. Plaintiff's filing of the present action is within thirty days of entry of Judge McKenney's ORDER.

WHEREFORE, plaintiff prays judgment against defendant County of Santa Clara as hereinafter set forth:

## SECOND CLAIM FOR RELIEF
## DAMAGES UNDER CALIFORNIA TORT CLAIMS ACT
### Gov't Code Sec. 845.6

24. Plaintiff repeats and realleges paragraph 1 through 23 above as if the same were fully set forth herein.

25. As alleged above, plaintiff has petitioned for and has received an order from the Santa Clara County Superior Court (the ORDER," Exhibit 1 hereto) authorizing him to present a

complaint for damages within 30 days of the date of entry of the ORDER.

26. The present complaint is dated and is being filed within 30 days of the date of entry of the ORDER.

WHEREFORE, plaintiff prays judgment against the defendant as follows:

On his first claim for relief,

1. For compensatory damages, in an amount to be determined according to proof at trial; and

2. For reasonable attorneys fees, pursuant to 42 U.S.C. §1988.

On his second claim for relief:

3. For general damages according to proof;

4. For medical and related expenses according to proof;

On all claims for relief:

5. For prejudgment interest on amounts awarded;

6. For costs of suit incurred in this action; and

7. For such other and further relief as the Court deems proper.

Respectfully submitted,

Dated: June 6, 2008

CHILES and PROCHNOW, LLP

By: _____
KENNETH H. PROCHNOW
Attorneys for Plaintiff Jonathan Pipkin

| | |
|---|---|
| 1 | **DEMAND FOR JURY TRIAL** |
| 2 | Plaintiff Jonathan Pipkin hereby demands a jury trial. |
| 3 | Respectfully submitted, |
| 4 | Dated: June 6, 2008                    CHILES and PROCHNOW, LLP |
| 6 | By: _____ |
| 7 | KENNETH H. PROCHNOW<br>Attorneys for Plaintiff Jonathan Pipkin |

```
CHILES and PROCHNOW, LLP
Kenneth H. Prochnow (SBN: 112983)
Robert C. Chiles (SBN: 056725)
Stanford Financial Square
2600 El Camino Real, Suite 412
Palo Alto, California 94306-1719
Telephone: 650-812-0400
Facsimile:  650-812-0404

Attorneys for Jonathan Pipkin
```

(ENDORSED)
FILED
JUN 0 3 2008

KIRI TORRE
Chief Executive Officer/Clerk,
Superior Court of CA County of Santa Clara
BY _____ DEPUTY

J. LARA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SANTA CLARA

UNLIMITED JURISDICTION

| | |
|---|---|
| JONATHAN PIPKIN,<br><br>  Petitioner,<br><br>vs.<br><br>SANTA CLARA COUNTY and DOES 1 through 10,<br><br>  Respondents. | Case No. 1-07-CV-092160<br><br>[PETITIONER'S PROPOSED]<br>ORDER GRANTING PETITION FOR RELIEF FROM CLAIM REQUIREMENT<br><br>Hearing Date: May 22, 2008<br>Time: 2:30 p.m.<br>Department: 71<br>170 Park Center Plaza, San Jose, CA<br>Hon. Kevin E. McKenney |

The petition of Jonathan Pipkin for an order of the court relieving him from the requirements of Section 945.4 of the Government Code that a written claim be presented and be rejected, or be deemed rejected, by the public entity prior to the commencement of an action against a public entity came on regularly for hearing and decision this date. Petitioner Pipkin appeared by counsel Kenneth H. Prochnow. Respondent appeared through Mark F. Bernal, Esq.

   The court, having

- considered the parties' previous submissions in connection with Petitioner Pipkin's petition;
- heard argument thereon;
- issued a January 30, 2008 Order expressing certain concerns about the testimony of Petitioner's

- 1 -

**EXHIBIT 1**

1 | expert psychiatrist Dr. Jay Jackman, M.D.;

2 | - continued hearing on this matter to the above date and time to permit Dr. Jackman to testify; and

3 | - heard counsel's respective direct and cross-examination of Dr. Jackman at the present hearing;

4 | and with the court's expressed concerns satisfied by Dr. Jackman's testimony and the court duly

5 | informed in the premises, on proof made to the satisfaction of the court and good cause appearing

6 | therefore,

7 | IT IS ORDERED THAT:

8 | 1. Petitioner Jonathan Pipkin is relieved from the provisions of Section 945.4 of the

9 | Government Code requiring that a written claim be filed as a prerequisite to a suit against a public

10 | entity on the cause of action set forth in the petition herein.

11 | 2. Pursuant to Government Code Section 946.6(f), petitioner shall have 30 days from the

12 | date of entry hereof to file the complaint.

13 | 3. The foregoing ruling and this Order are without prejudice to any statute of limitations

14 | defense that may exist.

15 | Dated: June 2, 2008                    Kevin E. McKenney

                                            _____
                                            Judge of the Superior Court

- 2 -
Order Granting Petition for Relief from Claim Requirement - Pipkin v. Santa Clara County

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
Jonathan Pipkin

## DEFENDANTS
County of Santa Clara

**(b)** County of Residence of First Listed Plaintiff: Santa Clara
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Santa Clara
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Kenneth H. Prochnow
Chiles and Prochnow, LLP
2600 El Camino Real, Suite 412
Palo Alto, CA 94306
Telephone: (650) 812-0400

Attorneys (If Known)

Mark F[...], Esq.   Telephone: (408) 29[...]
County of Santa Clara, Office of the County Counsel
70 W Hedding St., East Wing, 9th Fl
San Jose, CA 95110-1770

C08 02847 PVT

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- 362 Personal Injury — Med. Malpractice
- 365 Personal Injury — Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**CIVIL RIGHTS**
- 441 Voting
- 442 Employment
- 443 Housing/Accommodations
- 444 Welfare
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- [X] 440 Other Civil Rights

**PRISONER PETITIONS**
- 510 Motions to Vacate Sentence
- Habeas Corpus:
- 530 General
- 535 Death Penalty
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition

**FORFEITURE/PENALTY**
- 610 Agriculture
- 620 Other Food & Drug
- 625 Drug Related Seizure of Property 21 USC 881
- 630 Liquor Laws
- 640 R.R. & Truck
- 650 Airline Regs.
- 660 Occupational Safety/Health
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Mgmt. Relations
- 730 Labor/Mgmt.Reporting & Disclosure Act
- 740 Railway Labor Act
- 790 Other Labor Litigation
- 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 463 Habeas Corpus - Alien Detainee
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**OTHER STATUTES**
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 810 Selective Service
- 850 Securities/Commodities/Exchange
- 875 Customer Challenge 12 USC 3410
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 892 Economic Stabilization Act
- 893 Environmental Matters
- 894 Energy Allocation Act
- 895 Freedom of Information Act
- 900 Appeal of Fee Determination Under Equal Access to Justice
- 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 1983
Brief description of cause:
Violation of civil rights

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
- [ ] SAN FRANCISCO/OAKLAND
- [X] SAN JOSE

DATE: June 5, 2008
SIGNATURE OF ATTORNEY OF RECORD: /s/ Kenneth H. Prochnow